640 S.E.2d 463

**In the Matter of Miles L. GREEN, Jr., Respondent.**

**No. 26247.**

Supreme Court of South Carolina.

Submitted Nov. 15, 2006.

Decided Jan. 8, 2007.

Henry B. Richardson, Jr., Disciplinary Counsel and Joseph P. Turner, Jr., Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Miles L. Green, Jr., of Columbia, Pro Se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a sanction ranging from an admonition to a six month

suspension. We accept the Agreement and find a six month suspension from the practice of law, retroactive to the date respondent was placed on interim suspension,[1] is the appropriate sanction. The facts, as set forth in the Agreement, are as follows.

### Facts

On February 7, 2003, respondent was arrested in Dekalb County, Georgia and charged with driving under the influence of methamphetamine. On April 15, 2005, he pled guilty as charged and was sentenced to twelve months in prison, suspended upon service of one year of probation.

On March 8, 2005, respondent was indicted for possession of methamphetamine in April 2002. On May 4, 2006, respondent pled guilty to disorderly conduct and a suspended sentence of one year imprisonment was imposed. Respondent is required, as a condition of his suspended sentence, to attend Alcoholic's Anonymous or Narcotics Anonymous on a weekly basis.

In August or September 2003, respondent entered in-patient treatment for drug addiction. After suffering a relapse, respondent entered intensive outpatient treatment in June or July 2004.

On April 12, 2005, respondent was arrested in Pickens County, South Carolina and charged with driving under the influence of drugs and possession of methamphetamine. Respondent was referred to the pre-trial intervention program (PTI), which he has completed. He was required as part of this program to undergo an assessment by Insights Educational and Treatment Services, Inc. Respondent has taken six classes through Insights and completed fifty hours of community service as required.

Respondent has also signed a two year contract with Lawyers Helping Lawyers and has attended Narcotics Anonymous on at least a weekly basis and on a twice weekly basis since signing that contract. As an additional requirement of the contract, respondent has had at least weekly contact with a mentor and face to face contact with the mentor at least once

---

1. Respondent was placed on interim suspension on April 26, 2005. *In the Matter of Green*, 364 S.C. 180, 612 S.E.2d 706 (2005).

a month. Respondent has been employed as Director of Community Relations with Fasco Threaded Products since August 2005.

Respondent has been subject to regular drug screening as part of PTI, as part of his employment with Fasco, and as a requirement of his contract with Lawyers Helping Lawyers. Respondent has passed each of the drug screens he has undergone.

### *Law*

Respondent admits that his misconduct constitutes grounds for discipline under the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violation of the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(4) (commission of a crime of moral turpitude or a serious crime); and Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

Respondent also admits that by his conduct he has violated the Rules of Professional Conduct, Rule 407, SCACR, specifically Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects).

### *Conclusion*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for six months, retroactive to April 26, 2005, the date respondent was placed on interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court demonstrating that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.