692 S.E.2d 536

**In the Matter of James Michael BROWN, Respondent.**

No. 26802.

Supreme Court of South Carolina.

Submitted March 8, 2010.
Decided April 12, 2010.

306

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Peter Demos Protopapas, of Columbia, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension of no more than one year from the practice of law, with certain conditions of reinstatement. Respondent also requests that the suspension be imposed retroactively to the date of his interim suspension.[1] ODC joins in that request. However, subsequently, respondent informed the Court that the Agreement is not conditioned upon the suspension being retroactive to the date of his interim suspension. We accept the Agreement and suspend respondent from the practice of law in this state for six months, not retroactive, subject to the

---

1. Respondent was placed on interim suspension on August 19, 2008. *In the Matter of Brown*, 379 S.C. 159, 666 S.E.2d 235 (2008).

following conditions of reinstatement: compliance with a two year monitoring contract with Lawyers Helping Lawyers; quarterly reporting to the Commission on Lawyer Conduct by respondent's treating physician regarding his diagnosis, treatment compliance, and prognosis for a two year period; payment of restitution to certain clients and the Lawyers Fund for Client Protection in accordance with the terms of the Restitution Plan entered into with ODC; completion of the Legal Ethics and Practice Program Trust Account School and Ethics School within one year of reinstatement; and quarterly reporting to the Commission on Lawyer Conduct by respondent of the status of his trust account(s), including, but not limited to, submission of complete records maintained pursuant to Rule 417, SCACR, for a period of two years.[2] The facts, as set forth in the Agreement, are as follows.

In June 2008, respondent entered into an agreement in bankruptcy court designed to assist him in correcting personal and professional difficulties, including alcohol abuse, which had led to the dismissal of certain clients' cases due to lack of diligence and the return of filing fees due to insufficient funds. The agreement required respondent to seek treatment and mentoring for alcohol abuse; refrain from filing new cases until deficiencies in his pending cases were cured; and establish a trust account in compliance with IOLTA. However, respondent failed to comply with the terms of the agreement and he was held in contempt of court.

In one bankruptcy matter, the client's case was dismissed because respondent failed to file necessary documentation. The client was required to pay an additional $274 to have her case re-filed. Respondent did not re-file the case until after the client's house had been foreclosed upon and eviction proceedings had begun. Moreover, the subsequent petition was dismissed for lack of necessary schedules, statements, or other documents and because of the prior filing.

In another bankruptcy matter, respondent was initially successful in having the sale of the clients' home set aside by filing a bankruptcy petition on the clients' behalf. However, thereafter, he failed to diligently pursue the matter, including

---

2. The parties have submitted, along with the Agreement, a Lawyers Helping Lawyers Monitoring Contract and a Restitution Plan, both of which were signed by respondent on the date he signed the Agreement.

failing to file the required documents, which led to the dismissal of the petition. Petitioner also failed to communicate with the clients. Finally, he failed to hold unearned fees paid by the clients in trust. The Lawyer's Fund for Client Protection has reimbursed the clients for the fees paid to respondent.

Respondent was hired by two other clients to, in part, advise them regarding bankruptcy. One of the clients paid respondent a $1,000 fee, while the second client paid respondent a fee of $5,000. With regard to the first client, respondent failed to file a bankruptcy petition. He failed to hold the unearned fee she had paid him in a trust account and failed to refund the $1,000 fee to her as he had promised. With regard to the second client, respondent determined bankruptcy was not an option. Respondent took no further action on behalf of the client, he failed to adequately communicate with the client, and he did not refund the $5,000 fee paid to him by the client. The Lawyers' Fund for Client Protection has reimbursed the client for the fee paid to respondent.

Finally, in a non-bankruptcy matter that had been referred to respondent, respondent failed to communicate with the client following the referral. Although respondent did not have the client's consent to assume representation in the case and did not file a motion to be substituted as counsel, he signed two consent orders related to discovery issues on the client's behalf, one of which allowed the client's deposition to be taken. However, respondent did not appear at the deposition, which had to be rescheduled. Moreover, although respondent was placed on interim suspension on August 19, 2008, he did not inform opposing counsel of that fact until September 2, 2008, the date of the rescheduled deposition.

## LAW

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client, which requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation); Rule 1.2(a) (a lawyer shall consult with the client as to the means by which their objectives are to be pursued); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a

lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished, keep the client reasonably informed about the status of the matter, promptly comply with reasonable requests for information, consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law, and shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 1.5 (a lawyer shall not collect an unreasonable fee from a client); Rule 1.15 (a lawyer shall hold property of clients that is in a lawyer's possession in connection with a representation separate from the lawyer's own property, in a separate account maintained in the state where the lawyer's office is situated, and the property shall be identified as such and appropriately safeguarded; complete records of such account funds and other property shall be kept by the lawyer; a lawyer shall comply with Rule 417, SCACR; a lawyer shall deposit into a client trust account unearned legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred); Rule 1.16(a)(2) (a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits he has violated Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (It shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers.). Finally, respondent admits he has violated Rule 417, SCACR, by not maintaining a client trust account separate from his law firm business account and not maintaining an accounting journal, client ledgers, records of deposit, or monthly reconciliations related to transactions with or on behalf of his clients.

## CONCLUSION

In light of the fact that respondent has provided substantial documentation of substance abuse that explains his conduct in the matters set forth above, has fully cooperated with these proceedings, has expressed significant regret and remorse and is willing to take the necessary steps to correct his mistakes and address his addiction as reflected in the conditions of reinstatement to which he has agreed, we find a six month suspension is the appropriate sanction for respondent's misconduct. Accordingly, we accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for six months from the date of this opinion. We deny respondent's request that the suspension be made retroactive to the date of his interim suspension. Respondent's reinstatement shall be conditioned upon his compliance with the conditions of reinstatement set forth in the Agreement for Discipline by Consent.[3] Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

PLEICONES, J., not participating.

---

**3.** Respondent acknowledges in the Agreement that all reporting required by the conditions is his personal responsibility and that his failure to comply with any of the conditions will be considered contempt of this Court and punishable as such.