725 S.E.2d 491

**In the Matter of Kenneth Gary COOPER, Respondent.**

**No. 27116.**

Supreme Court of South Carolina.

Heard Feb. 9, 2012.

Decided April 25, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Kenneth Gary Cooper, of Summerville, pro se Respondent.

PER CURIAM.

In this attorney disciplinary action, the Commission on Lawyer Conduct ("the Commission") considered Formal Charges filed against attorney Kenneth Gary Cooper ("Respondent") alleging misconduct in four matters. A Hearing Panel of the Commission found Respondent had admitted all of the factual allegations in his Answer to the Formal Charges and that the sanctionable misconduct was the result of Respondent's alcoholism and addiction to prescription drugs.

The Hearing Panel recommends that Respondent receive an Admonition, be ordered to pay the costs of the disciplinary proceedings, and be required to enter into a contract with Lawyers' Helping Lawyers ("LHL") and to file quarterly treatment compliance reports with the Commission for a period of three years. Neither Respondent nor the Office of Disciplinary Counsel ("the ODC") has filed a brief taking exception to the Panel Report. We suspend Respondent from the practice of law for a period of six (6) months with conditions as recommended by the Panel.

## I. Factual/Procedural History

### A. Background

Respondent was admitted to the practice of law in South Carolina on November 18, 1997. The ODC filed Formal Charges against Respondent on September 21, 2010, alleging misconduct in the following four matters:

### 1. Connor Matter (03–1280)

On May 31, 2003, Client was arrested and charged with an open container and simple possession of marijuana. On June 16, 2003, Client appeared in court and requested a jury trial. Although Client identified his attorney as "Milton Stratoes," Client did not provide an address for Stratoes. It was later discovered that Client had never retained Stratoes as his attorney. Subsequently, the court forwarded two copies of all documents to Client's address so that one copy could be provided to Client's counsel. Client did not appear for his scheduled trial and was ultimately tried in his absence and found guilty.

Shortly thereafter, Client hired Respondent to represent him. In turn, Respondent requested a new trial on Client's behalf. After this motion was denied, Respondent faxed a Notice of Intent to Appeal to the court. Respondent, however, never filed the Notice of Appeal with the clerk's office and never notified the court that he would not pursue the appeal. The presiding magistrate reported the incident to the ODC.

In explaining his actions, Respondent testified the Client "never came back and he never retained me after I went ahead and notified the judge that I wanted to reopen the case." Respondent further stated that he "just kind of forgot about not notifying the court to withdraw the stuff that I had done to reopen the case."

### 2. Self–Report Matter (04–379)

On March 23, 2004, Respondent was arrested for Criminal Domestic Violence of a High and Aggravated Nature ("CDVHAN")[1] based on an altercation between Respondent and his girlfriend. At the time of the incident, Respondent and his girlfriend began living together on and off for several months after separating from their respective spouses. Respondent testified the charge arose out of his girlfriend's claim that Respondent "touched her [and] threw her down" during an argument. Although Respondent admitted that he argued with his girlfriend, he denied ever "touching" her. Respondent, however, took "full responsibility" for the situation.

---

1. S.C.Code Ann. § 16–25–65 (Supp.2005).

Respondent attributed his actions to his addiction to alcohol and prescription drugs.

On November 5, 2004, Respondent was accepted into the Pre-Trial Intervention ("PTI") program. He successfully completed this program on August 9, 2005.

In another criminal matter, Respondent pled guilty on April 9, 2010 to possession of unlawful prescription drugs, first offense [2] The offense, which occurred between May 8, 2008 and August 15, 2008, stemmed from Respondent knowingly obtaining a quantity of Oxycodone (a schedule II controlled substance) from two separate practitioners. Respondent failed to inform the practitioners that he had received prescriptions for drugs of like therapeutic use in a concurrent time period from another practitioner.

As a result of his conviction, Respondent was sentenced to a term of six months' imprisonment, which was suspended without the imposition of probation. Respondent, however, was assessed costs and ordered to complete substance abuse counseling and consent to random drug testing.

### 3. Self-Report Matter (05–1490)

On November 9, 2005, Respondent was charged with one count of trespassing,[3] two counts of simple assault,[4] and one count of pointing and presenting a firearm.[5]

The charges arose out of Respondent's attempted intervention into the relationship between his fifteen-year-old son and his son's girlfriend. According to Respondent, his son ran away from home to stay at his girlfriend's home. When Respondent went to the girlfriend's home in search of his son, an argument ensued that resulted in the girlfriend's parents initiating a charge of trespassing against Respondent. A few days later, while still looking for his son, Respondent got into an argument with the girlfriend's parents, which resulted in

2. S.C.Code § 44–53–395(A)(3) (2002).

3. S.C.Code Ann. § 16–11–610 (2003).

4. S.C.Code Ann. § 22–5–150 (2007).

5. S.C.Code Ann. § 16–23–410 (2003).

the simple assault charges. Following this incident, the girl-friend alleged that Respondent pointed a gun at her when he was inquiring about his son's whereabouts.

On June 2, 2008, Respondent pled guilty to a charge of trespass and disorderly conduct. The remaining charges were *nolle prossed.*

### 4. Wolfe Matter (08–809)

In April 2008, Respondent was appointed to represent Complainant through his contract with the Dorchester County Public Defender's office. During the case, Respondent received discovery materials from the solicitor's office. While in court on another matter, Respondent was approached by Complainant's cellmate. The cellmate informed Respondent that Complainant wanted Respondent to send the discovery materials via the cellmate. Respondent complied with the request and gave the discovery materials to the cellmate. Respondent did not have written permission from Complainant instructing him to give the discovery materials to the cellmate and had not spoken directly with Complainant regarding this transmission. After Respondent's contract with the Public Defender's office expired on June 30, 2008, new counsel was appointed to represent Complainant. Respondent admitted that his actions were improper.

### B. Hearing Panel's Report

After conducting a hearing on July 14, 2011, the Panel issued its report on October 25, 2011. The Hearing Panel found Respondent "basically admitted all of the allegations in the Formal Charges" in his Answer to the Formal Charges.

### 1. Findings of Misconduct

The Hearing Panel found that Respondent's admitted acts constituted misconduct and that he had violated the following Rules of Professional Conduct ("RPC") contained in Rule 407, SCACR: Rule 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client."); Rule 1.6(a) ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the

representation or the disclosure is permitted by paragraph (b)."); Rule 8.4(a) ("It is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another."); Rule 8.4(b) ("It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."); Rule 8.4(e) ("It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.").

Additionally, the Hearing Panel concluded Respondent's conduct constituted grounds for discipline under the following provisions of the Rules for Lawyer Disciplinary Enforcement ("RLDE") contained in Rule 413, SCACR: Rule 7(a)(1) ("It shall be a ground for discipline for a lawyer to violate or attempt to violate the Rules of Professional Conduct, Rule 407, SCACR, or any other rules of this jurisdiction regarding professional conduct of lawyers."); Rule 7(a)(5) ("It shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law.").

## 2. Aggravating and Mitigating Factors

In aggravation, the Hearing Panel considered that Respondent had committed several criminal offenses over an extended period of time. Specifically, the Panel noted that Respondent: (1) was charged with CDVHAN in 2004; (2) pled guilty to trespass and disorderly conduct in June 2008; and (3) pled guilty to possession of unlawful prescription drugs in April 2010.

In mitigation, the Panel noted that Respondent had no prior disciplinary history and had a "cooperative attitude" throughout the proceedings. Additionally, the Panel took into consideration that Respondent admitted he is an alcoholic and prescription drug addict and that Respondent attributed his misconduct to that addiction. The Panel also recognized that Respondent was sober from January 1991 through July 2001, but thereafter experienced a relapse that lasted for several years, during which time this misconduct occurred.

The Panel further found that Respondent's addiction to alcohol and drugs was the causative factor in his misconduct. Accordingly, the Panel considered Respondent's subsequent rehabilitation as a factor in mitigation. In support of this finding, the Panel referenced the testimony of William B. Waters and J. Robert Turnbull, Jr.

Waters stated that he had known Respondent for approximately forty years. He testified that in June 2009 he received a telephone call from Respondent during which Respondent confided that he was addicted to prescription drugs. Waters further testified that he has remained close with Respondent throughout his recovery period and is confident that Respondent is currently sober.

Turnbull, who is the Director of LHL, testified that Respondent has been in frequent contact with him since June 2009 when Respondent called and admitted his prescription drug problem. Turnbull testified he believed Respondent is sober and that his rehabilitation is going well. He further testified that Respondent is willing to enter into a contract with LHL so that his continued rehabilitation can be monitored.

### 3. Recommended Sanction

The Hearing Panel recommended that Respondent: (1) receive an Admonition; (2) be ordered to pay the costs of the proceedings; and (3) be required to enter into a contract with LHL and to file quarterly treatment compliance reports with the Commission for a period of three years.

## II. Discussion

### A. Standard of Review

This Court has the sole authority to discipline attorneys and to decide the appropriate sanction after a thorough review of the record. *In re Welch,* 355 S.C. 93, 96, 584 S.E.2d 369, 370 (2003). "The Court is not bound by the panel's recommendation and may make its own findings of fact and conclusions of law." *In re Hazzard,* 377 S.C. 482, 488, 661 S.E.2d 102, 106 (2008). "Although this Court is not bound by the findings of the Panel and Committee, these findings are entitled to great weight, particularly when the inferences to be drawn from the testimony depend on the credibility of the

witnesses." *In re Marshall,* 331 S.C. 514, 519, 498 S.E.2d 869, 871 (1998); *see In re Longtin,* 393 S.C. 368, 376, 713 S.E.2d 297, 301 (2011) ("[T]he findings and conclusions of the Panel are entitled much respect and consideration.").

## B. Imposition of Sanction

The parties, by not filing briefs, have accepted the findings of fact, conclusions of law, and recommendations of the Hearing Panel. Rule 27(a), RLDE, of Rule 413, SCACR. Thus, this Court must determine whether the recommended sanction is appropriate.

We recognize that, throughout these proceedings, Respondent has been cooperative, admitted to his misconduct, and taken "full responsibility" for his actions. Respondent self-reported two of the four allegations of misconduct and has actively sought treatment for his alcohol and prescription drug addiction. He also offered evidence that he completed an intensive outpatient drug treatment program and is now sober.

However, because Respondent's misconduct involved multiple criminal offenses, the disclosure of confidential client information, and the failure to diligently pursue an appeal, we find a six (6) month definite suspension from the practice of law is warranted. *See In re Ervin,* 387 S.C. 551, 694 S.E.2d 6 (2010) (finding attorney's involvement in a "road rage" incident resulting in his arrest for pointing and presenting a firearm warranted a six-month suspension retroactive to the date of his interim suspension); *In re Brown,* 387 S.C. 305, 692 S.E.2d 536 (2010) (concluding that six-month suspension was appropriate where attorney's admitted misconduct arose out of his abuse of alcohol); *In re Green,* 371 S.C. 506, 640 S.E.2d 463 (2007) (imposing a six-month suspension, which was retroactive to the date of attorney's interim suspension, where attorney: (1) pled guilty to DUI of methamphetamine; (2) was arrested for possession of methamphetamine, but pled guilty to disorderly conduct; (3) was arrested for DUI of drugs and possession of methamphetamine but completed PTI).

In addition to the suspension, we order Respondent to pay the costs of these disciplinary proceedings and to enter into a contract with LHL and to file quarterly treatment compliance

reports with the Commission for a period of three years. *See In re Atwater*, 385 S.C. 257, 262, 684 S.E.2d 557, 559 (2009) ("The imposition of costs and the determination of their amount are within this Court's discretion."); Rule 27(e)(3), RLDE, Rule 413, SCACR ("The Supreme Court may assess costs against the respondent if it finds the respondent has committed misconduct."); Rule 7(b)(6), RLDE, Rule 413, SCACR (stating sanctions for misconduct may include the "assessment of the costs of the proceedings, including the cost of hearings, investigations, prosecution, service of process and court reporter services"); *see also In re Newton*, 366 S.C. 276, 621 S.E.2d 657 (2005) (adding a two-year monitoring contract with LHL and the taking of the new attorney oath as conditions of attorney's reinstatement).

### III. Conclusion

We find that Respondent's misconduct warrants a suspension from the practice of law for a period of six (6) months from the date of this opinion. Additionally, within thirty (30) days of the date of this opinion, Respondent shall (1) pay the costs of these disciplinary proceedings in the amount of $895.71, and (2) enter into a contract with LHL and file quarterly treatment compliance reports with the Commission for a period of three years.

Within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with the requirements of Rule 30, RLDE, Rule 413, SCACR (regarding an attorney's duties following suspension or disbarment).

**DEFINITE SUSPENSION.**