747 S.E.2d 176

**In the Matter of James Michael BROWN, Respondent.**

**Appellate Case No.2013–000463.**

**No. 27289.**

Supreme Court of South Carolina.

Heard May 14, 2013.

Decided July 31, 2013.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

James Michael Brown, of Sumter, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate

Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of a definite suspension not to exceed three (3) years. He requests the suspension be made retroactive to April 13, 2011, the date of his interim suspension. *In the Matter of Brown*, 392 S.C. 142, 708 S.E.2d 218 (2011). In addition, respondent agrees to pay the costs incurred by ODC and the Commission on Lawyer Conduct (the Commission) in the investigation and prosecution of this matter within thirty (30) days of the imposition of discipline, to comply with the terms of a two (2) year monitoring contract with Lawyers Helping Lawyers, and to have his treating physician provide quarterly reports addressing his diagnosis, treatment compliance, and prognosis to the Commission for the two year period. Respondent further agrees to comply "with all additional terms of reinstatement as outlined in the Supreme Court's previous order of suspension filed April 12, 2010."[1] Agreement ¶ 5.

We accept the Agreement and suspend respondent from the practice of law in this state for three (3) years, retroactive to the date of his interim suspension. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter. Respondent shall further comply with the terms of a two (2) year monitoring contract with Lawyers Helping Lawyers and ensure his treating physician provides quarterly reports addressing his diagnosis, treatment compliance, and prognosis to the Commission. Further, as

---

1. On April 12, 2010, the Court suspended respondent from the practice of law for six (6) months, subject to the following conditions: 1) compliance with a two (2) year monitoring contract with Lawyers Helping Lawyers; 2) quarterly reports by respondent's physician to the Commission addressing respondent's diagnosis, treatment compliance, and progress for two (2) years; 3) payment of restitution to certain clients and the Lawyers Fund for Client Protection in accordance with the parties' Restitution Plan; 4) completion of the Legal Ethics and Practice Program Trust Account School and Ethics School within one (1) year of reinstatement; and 5) the filing of quarterly reports by respondent with the Commission addressing the status of his trust account(s) including, but not limited to, submission of complete records maintained pursuant to Rule 417, SCACR, for two (2) years after reinstatement. *In the Matter of Brown*, 387 S.C. 305, 692 S.E.2d 536 (2010).

The Court reinstated respondent on March 21, 2011. *In the Matter of Brown*, 392 S.C. 10, 707 S.E.2d 431 (2011).

directed by the April 12, 2010, suspension order, respondent shall pay restitution to clients and the Lawyers Fund for Client Protection in accordance with the parties' Restitution Plan, and he shall complete the Legal Ethics and Practice Program Trust Account School and Ethics School within one (1) year of reinstatement. We rescind respondent's obligation to file quarterly reports addressing the status of his trust account(s) with the Commission.

The facts, as set forth in the Agreement, are as follows.

### *Facts*

On April 8, 2011, respondent was arrested and charged with felony driving under the influence, leaving the scene of an accident, open container, and driving under the influence, second offense. On November 27, 2012, respondent pled guilty to driving under the influence, second offense, and leaving the scene of an accident. For driving under the influence, second offense, respondent was sentenced to one (1) year imprisonment and fined $2,000, suspended upon service of ninety (90) days and payment of a $1,100 fine with the balance suspended upon service of probation for eighteen (18) months. For leaving the scene of an accident, respondent was sentenced to six (6) months imprisonment and fined $1,000, suspended upon service of eighteen (18) months of probation. Respondent paid a fine on the open container charge.

Respondent represents that all pending criminal matters have been resolved. He further represents that he is currently seeking treatment for alcoholism.

### *Law*

Respondent admits that by his conduct he has violated the following provision of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects).

Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct) and Rule 7(a)(4) (it shall be ground for discipline for lawyer to be convicted of a crime of moral turpitude or a serious crime).

## *Conclusion*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for three (3) years retroactive to April 13, 2011, the date of his interim suspension. Within thirty (30) days of the date of this opinion, respondent shall pay the costs incurred by ODC and the Commission in the investigation and prosecution of this matter. Respondent shall further comply with the terms of a two (2) year monitoring contract with Lawyers Helping Lawyers and ensure his treating physician provides quarterly reports addressing his diagnosis, treatment compliance, and prognosis to the Commission for the two year period. Further, as directed by the April 12, 2010, suspension order, respondent shall pay restitution to clients and the Lawyers Fund for Client Protection in accordance with the parties' Restitution Plan, and he shall complete the Legal Ethics and Practice Program Trust Account School and Ethics School within one (1) year of reinstatement. We rescind respondent's obligation to file quarterly reports addressing the status of his trust account(s) with the Commission. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.