748 S.E.2d 778

**In the Matter of Kenneth Gary COOPER, Respondent.**

**Appellate Case No. 2013–001095.**

Supreme Court of South Carolina.

Sept. 19, 2013.

## ORDER

By order dated April 25, 2012, the Court suspended respondent from the practice of law for six (6) months and ordered he pay the costs of the disciplinary proceedings, $895.71, within thirty (30) days. *In the Matter of Cooper,* 397 S.C. 339, 725 S.E.2d 491 (2012). The Court further ordered respondent to enter into a three (3) year monitoring contract with Lawyers Helping Lawyers within thirty (30) days, and to file quarterly treatment compliance reports with the Commission on Lawyer Conduct (the Commission) for the three (3) year period. *Id.*

On June 25, 2012, respondent executed a cost payment plan with the Commission in which he agreed to make monthly

payments in the amount of ten dollars ($10.00) towards the ordered costs. Since the execution of the plan, respondent made one payment of $10.00 on June 25, 2012.

On July 17, 2012, respondent executed a three (3) year monitoring contract with Lawyers Helping Lawyers.[1] Respondent has not filed any of the required quarterly treatment compliance reports.

Pursuant to Rule 5(b)(7), RLDE, Rule 413, SCACR, the Office of Disciplinary Counsel (ODC) filed a Petition to Issue Rule to Show Cause alleging respondent violated the terms of the Court's April 25, 2012, order and the terms of the cost payment plan by failing to pay the ordered costs. In addition, ODC alleged respondent failed to file the quarterly reports as required by the Court's April 25, 2012, order. ODC petitioned the Court to require respondent to show cause why he should not be held in civil and criminal contempt, and enjoined, sanctioned, fined, incarcerated, or otherwise punished for his misconduct.

Respondent filed a return admitting the allegations in the Petition to Issue Rule to Show Cause, but asserting his failure to comply with the Court's order and cost payment plan were not willful.

By order dated July 29, 2013, the Court issued the Rule to Show Cause and set this matter for hearing on September 18, 2013.

Respondent appeared at the September 18, 2013, hearing.[2] Respondent admitted he could have made the monthly payments towards the ordered costs and could have kept in contact with his sponsor as required by his monitoring contract. Respondent testified he did not comply with the terms of the Court's order and cost payment plan because he "had other things on his mind" and did not intend to seek reinstatement to the practice of law.

Having carefully considered the evidence and applicable law, the Court finds respondent willfully violated the Court's order

---

1. Among other provisions, the monitoring contract required respondent to make at least weekly contact and once monthly personal contact with his monitor/mentor.

2. Respondent was represented by counsel.

of April 25, 2012, and the terms of his cost payment plan. We hold respondent in civil and criminal contempt of Court.

Regarding the finding of civil contempt, this Court sentences respondent to a term of incarceration not to exceed six (6) months, suspended on the payment of $885.71 to the Commission on Lawyer Conduct not later than 3:15 p.m. on September 20, 2013.[3] Should respondent fail to timely purge this civil contempt sanction, he shall immediately report to the Alvin S. Glenn Detention Center in Richland County, South Carolina, to commence his civil contempt sentence, or to the Bureau of Protective Services at the Supreme Court of South Carolina, which shall arrange for respondent's transportation to the Alvin S. Glenn Detention Center. Upon the purging of the civil contempt sentence, or the service of any period of incarceration not to exceed six (6) months, respondent shall henceforth fully comply with all terms and conditions of the Court's April 25, 2012, order.

Regarding the finding of criminal contempt, this Court sentences respondent to six (6) months incarceration at the Alvin S. Glenn Detention Center, suspended upon respondent's compliance with the civil contempt sanction and his ongoing compliance with the provisions of the Court's April 25, 2012, order.

/s/Jean H. Toal, C.J.

/s/Costa M. Pleicones, J.

/s/Donald W. Beatty, J.

/s/John W. Kittredge, J.

/s/Kaye G. Hearn, J.
FOR THE COURT

---

3. The Commission shall either notify the Clerk upon receipt of good funds from respondent or notify the Clerk of respondent's non-compliance with this order.