# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Kenneth Gary Cooper, Respondent

Appellate Case No. 2014-002702

---

Opinion No. 27534
Submitted June 8, 2015 – Filed June 24, 2015

---

**DEFINITE SUSPENSION**

---

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William L. Runyon, Jr., of Charleston, for respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to the imposition of an admonition, public reprimand, or a definite suspension not to exceed twelve (12) months.  We accept the Agreement and suspend respondent from the practice of law in this state for twelve (12) months.  The facts, as set forth in the Agreement, are as follows.

## Facts

On January 31, 2012, respondent went to a restaurant where his son tended bar in order to drive his son home after completing his shift.  While at the restaurant, respondent came into contact with a former neighbor and the neighbor's son.  A verbal altercation escalated into a physical fight.  The Charleston County Sheriff's Office responded.  The former neighbor alleged respondent and respondent's son

physically assaulted him and his son. The former neighbor refused medical treatment while his son was transported to the hospital.

On February 3 and February 7, 2012, the neighbor and his son met with detectives from the Charleston County Sheriff's Office and positively identified respondent as the individual who had assaulted them. On February 29, 2012, respondent was arrested and charged with Assault and Battery, 2nd degree, and Assault and Battery, 3rd degree.

Respondent represents that he believed that both charges against him were going to be tried in General Sessions Court. In actuality, the Assault and Battery, 3rd degree, charge was heard by the Magistrate's Court and, on April 17, 2012, respondent was found guilty *in absentia*. On May 17, 2012, respondent paid the fines and costs in the amount of $1,124.76 to satisfy the sentence.

Thereafter, respondent retained counsel. Among other actions, counsel filed a motion seeking to obtain the son's medical records from the night of the altercation. The son's medical records demonstrated the son was substantially intoxicated and that his injuries would not support the Assault and Battery, 2nd degree, charge.

On November 6, 2013, the Assault and Battery, 2nd degree, charge was remanded to Magistrate's Court. Ultimately, this charge was marked nolle prosequi on May 21, 2014.

## Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct) and Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as lawyer in other respects).

Respondent also admits his misconduct constitutes ground for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## Conclusion

We accept the Agreement for Discipline by Consent and definitely suspend respondent from the practice of law in this state for twelve (12) months.[1] Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

**TOAL, C.J., PLEICONES, KITTREDGE and HEARN, JJ., concur. BEATTY, J., not participating.**

---

[1] Respondent's disciplinary history includes a six (6) month suspension from the practice of law, with conditions. *In the Matter of Cooper*, 397 S.C. 339, 725 S.E.2d 491 (2012). In addition, the Court found respondent in criminal and civil contempt of this Court for willfully violating the conditions of his six (6) month suspension and failing to pay the costs of the disciplinary proceeding. *In the Matter of Cooper*, 405 S.C. 579, 748 S.E.2d 778 (2013).